IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal No. 21-18-CFC |
| CARLOS J. PEREZ-MINAYA | |
| Defendant. | |

## MEMORANDUM ORDER

Defendant Carlos J. Perez-Minaya has moved to suppress "all evidence gathered as a result of" a traffic stop of his car made by a Delaware State Trooper on February 23, 2021. D.I. 19 at 3. The Trooper who stopped Perez-Minaya's car did not personally observe the car violate a traffic law. The Trooper executed the car stop at the request of another law enforcement officer who had observed the car violate a traffic law. Officers searched the car after Perez-Minaya exited it. They found evidence in the car that linked Perez-Minaya to a cocaine distribution conspiracy and arrested him on the scene. During a post-arrest interview, Perez-Minaya consented to a search of his house. Officers found there a kilogram of cocaine. Perez-Minaya argues that all this the evidence "should be excluded for use by the Government at trial" because "[t]he stop and [Perez-Minaya's]

subsequent arrest w[ere] done in violation of Section 701(a)(1) [of the Delaware Code.]" *Id*.

With limited exceptions not applicable here, section 701(a)(1) authorizes Delaware State Troopers to make an arrest for a traffic law violation only if the violation is "committed in their presence." 21 Del. Code § 701(a)(1). The government does not dispute that the traffic stop and Perez-Minaya's arrest violated section 701(a)(1). It argues, however, that section 701(a)(1) "does not apply here" and that "[t]he only pertinent question is whether [the Delaware State Police] had reasonable suspicion to conduct the traffic stop." D.I. 20 at 8.

The government is correct. The question here is not whether the stop was authorized by section 701(a)(1). The question is rather whether the car stop was reasonable under the Fourth Amendment. *See Cooper v. State of Cal.*, 386 U.S. 58, 61 (1967) ("[T]he question here is not whether the search was authorized by state law. The question is rather whether the search was reasonable under the Fourth Amendment. Just as a search authorized by state law may be an unreasonable one under that amendment, so may a search not expressly authorized by state law be justified as a constitutionally reasonable one."). Whether the stop of Perez-Minaya's car was lawful under section 701(a)(1) is irrelevant. *Id.*; *see also Virginia v. Moore*, 553 U.S. 164, 171 (2008).

The Supreme Court has "firmly rejected the argument 'that reasonable cause for a[n investigative stop] can only be based on the officer's personal observation, rather than on information supplied by another person.'" *Navarette v. California*, 572 U.S. 393, 397 (2014) (quoting *Adams v. Williams,* 407 U.S. 143, 147 (1972)) (alterations in the original).  And the Court established in *Whren v. United States,* 517 U.S. 806 (1996), "a bright-line rule that any technical violation of a traffic code legitimizes a stop [under the Fourth Amendment], even if the stop is merely pretext for an investigation of some other crime." *United States v. Mosley*, 454 F.3d 249, 252 (3d Cir. 2006).

It is undisputed here that a law enforcement officer observed Perez-Minaya's car violate a traffic law on February 23, 2021.  Accordingly, reasonable suspicion existed to stop Perez-Minaya's car, and the stop was lawful under the Fourth Amendment.

NOW THEREFORE, at Wilmington on this Third day of January in 2022, **IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence (D.I. 19) is **DENIED**.

_____
CHIEF JUDGE